**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Walter JOHNSON, Defendant-Appellant.**

**No. 23462.**

United States Court of Appeals
Ninth Circuit.

Aug. 14, 1969.

Peter Clarke (argued), San Diego, Cal., for appellant.

Brian E. Michaels (argued), Asst. U.S. Atty., Edwin L. Miller, U.S. Atty., San Diego, Cal., for appellee.

Before JERTBERG and HUFSTED-LER, Circuit Judges, and FERGUSON,* District Judge.

JERTBERG, Circuit Judge:

Appellant was convicted by a jury of the offense of knowingly smuggling four ounces of heroin, a narcotic drug, into the United States from Mexico, and was sentenced to the custody of the Attorney General of the United States for a period of ten years, to be served concurrently with an existing sentence from an unrelated conviction.

Appellant, and one Muriel Eugene Williams, were accused in a one-count indictment, charging that said persons "knowingly imported and brought approximately four ounces of heroin, a narcotic drug, into the United States from Mexico, contrary to Title 21, United States Code, Section 173." The indictment caption included:

"INDICTMENT

(U.S.C., Title 21, Section 174; Smuggling heroin)"

The case of the defendant, Williams, was severed and a jury trial was had in respect to the appellant. The defendant, Williams, appeared as a prosecution witness.

The facts presented to the jury are not in dispute, and the following statement of facts has been taken from appellant's opening brief.

"Appellant drove a 1953 De Soto automobile with an Oregon license into the United States at San Ysidro, California

---

* Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

on November 11, 1967, at about 1:30 A.M. Muriel Williams was a passenger in the car and both appeared nervous to the customs inspector. Both appellant and Miss Williams indicated they were U.S. Citizens and brought nothing from Mexico.

Appellant appeared nervous while he was personally searched and appeared extremely nervous when Miss Williams was personally searched.

Four ounces of heroin were found hidden in Miss Williams panties.

Miss Williams testified as a government witness that she flew with appellant from Oregon to Los Angeles, and then drove from Los Angeles to Tijuana with appellant in appellant's car. Appellant purchased heroin and gave it to Miss Williams who hid it in her panties. Appellant and Miss Williams then drove back into the United States where they were stopped by a customs inspector.

Miss Williams stated that she had accompanied appellant on about four previous trips when appellant traveled to Mexico to purchase heroin and that appellant brought the heroin into the United States to sell it. Miss Williams stated that she lived with appellant as 'his woman.'

Appellant did not testify and did not present further evidence."

On this appeal, appellant specifies as errors:

(1)   that the Court erred in failing, *sua sponte,* to instruct the jury that the testimony of an accomplice is to be received with caution, and that evidence of prior uncharged offenses is to be received only for the purpose of determining defendant's intent;

(2)   that the prosecutor committed prejudicial misconduct during his closing argument before the jury; and

(3)   that there are fatal defects in the language of the indictment, and in the judgment of conviction, which render void the judgment of conviction.

█   The record is clear that appellant made no request of the trial judge to instruct the jury as to the manner in which it should treat the testimony of an accomplice, or for what purpose it should consider evidence of prior uncharged offenses. No objection was made by appellant to the failure of the district court to instruct the jury on either one of said subjects as required by Rule 30 of the Federal Rules of Criminal Procedure. In these circumstances, appellant must establish that the trial judge's failure to instruct on such subjects, sua sponte, constitutes plain error. Federal Rules of Criminal Procedure, Rule 52(b).

It is well-settled in this Circuit that a trial judge's failure to give an instruction, sua sponte, on either subject does not constitute plain error. As to the accomplice instruction, see Caldwell v. United States, 405 F.2d 613 (9th Cir. 1969); Barnes v. United States, 347 F.2d 925 (8th Cir. 1965); Strangway v. United States, 312 F.2d 283 (9th Cir. 1963); Mims v. United States, 254 F.2d 654 (9th Cir. 1958).

As to prior uncharged offenses, see Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966), cert.den. 388 U.S. 922, 87 S.Ct. 2123, 18 L.Ed.2d 1370 (1967); Baker v. United States, 310 F.2d 924 (9th Cir. 1962).

The jury was fairly and fully instructed to carefully scrutinize the circumstances under which each witness testified, and consider every matter in evidence which tended to indicate whether the witness was worthy of belief, including his motive, state of mind, relationship to the parties, and the manner in which each witness might be affected by the verdict. The testimony of Miss Williams was not without corroboration.

█   In all of the circumstances of this case, we find nothing in the record to remotely indicate that any substantial right of the appellant was in any manner affected by the failure of the trial judge to give sua sponte instructions on the subjects above mentioned.

Appellant concedes that there were no objections made by appellant to the

closing argument of the prosecutor, and concedes, in his closing brief, that such remarks were "invited" by arguments advanced by appellant during the course of his argument. In any event, we find nothing prejudicial in the closing remarks of the prosecutor.

■ Appellant contends that the indictment is fatally defective because it failed to include in its averments an essential element of the crime, to wit: knowledge of appellant that the narcotic had been imported into the United States contrary to law.

Appellant's point is without merit. The same contention was made in White v. United States, 394 F.2d 49 (9th Cir. 1968), and rejected at page 55.

Appellant in his closing brief concedes that the typographical error in the judgment of conviction did not prejudice the appellant.

The judgment appealed from is affirmed.