**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carmen G. SALAS, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ramon Menchaca ALBIDREZ, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfred Elfego CRUZ, Defendant-Appellant.**

**Nos. 71–2815 to 71–2817.**

United States Court of Appeals, Ninth Circuit.

March 14, 1972.

Rehearing Denied May 23, 1972.

John N. Politis, San Diego, Cal., for defendant-appellant Salas.

Kevin J. McInerney, San Diego, Cal., for defendant-appellant Albidrez.

Frank V. Gregorcich, San Diego, Cal., for defendant-appellant Cruz.

Harry D. Steward, U. S. Atty., Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

The appellants, Salas, Albidrez and Cruz are before this court by way of consolidated appeals from judgments convicting them of smuggling and transporting six ounces of heroin in violation of 21 U.S.C. § 174.

◼ The testimony which convicted them was largely that of Phillips, an accomplice, but her testimony is amply supported by the acts of the appellants, and the circumstantial evidence. Viewing the evidence in the light most favorable to the government, Glasser v. United

States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we hold that the trier of fact could conclude beyond a reasonable doubt that the appellants had aided and abetted in the commission of the crime. United States v. Nelson, 419 F. 2d 1237, 1243–1245 (9th Cir. 1969).

 The other arguments of appellants are that hearsay testimony was possibly used before the grand jury; that the court did not give an unrequested limiting instruction, which appellants did not establish was prejudicial; and that the grand jury proceedings were not transcribed, although there was no prior request to do so. None is meritorious and they do not warrant reversal. United States v. Costello, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Thoreson, 428 F.2d 654, 655–656 (9th Cir. 1970); United States v. Johnson, 415 F.2d 653, 655 (9th Cir. 1969); Loux v. United States, 389 F.2d 911, 916 (9th Cir. 1968).

The judgments are affirmed.