110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Pamela T. NUANEZ, Defendant-Appellant.
 No. 96-10357.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided March 21, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pamela Nuanez was convicted of two counts of violating 18 U.S.C. § 500 by passing and uttering forged postal money orders and one count of conspiring to do the same. During trial she made a request for the government to disclose evidence regarding prior criminal acts committed by her codefendant--and chief prosecution witness--Daniel Urey. That request was denied as was her motion for a new trial to correct that alleged violation of Brady v. Maryland, 373 U.S. 83 (1963). Nuanez appeals the denial of the motion for a new trial. Nuanez also appeals the conviction itself because of an allegedly erroneous jury instruction. We affirm.
 
 I.
 
 3
 A district court's denial of a new trial motion based on an alleged Brady violation is reviewed de novo. United States v. Steinberg, 99 F.3d 1486, 1489 (9th Cir.1996). To prove a Brady violation, the defendant "must show (1) that the material was exculpatory; (2) that the exculpatory material was not produced when it should have been; and (3) that the failure timely to produce the exculpatory material 'mattered.' " Id. at 1489 (quoting United States v. Zuno-Acre, 44 F.3d 1420, 1425 (9th Cir.), cert. denied, 116 S.Ct. 383 (1995)).[1]
 
 
 4
 The first two elements of the violation have been satisfied. First, it is established that evidence such as this which impeaches the credibility of a key government witness is exculpatory. See Steinberg, 99 F.3d at 1489. Second, despite mild government protests to the contrary, it does not appear that the challenged evidence--investigative reports regarding Urey's other offenses--was provided to Nuanez upon her initial Brady request before trial. The remaining issue is whether that failure to provide information "mattered,"--i.e., whether the evidence was material.
 
 
 5
 To find materiality, there must be a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence [she] received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 1566 (1995).
 
 
 6
 The failure to provide the evidence to Nuanez was not a Brady violation because the evidence was cumulative. See Taylor v. Kincheloe, 920 F.2d 599, 610 (9th Cir.1990); United States v. Marashi, 913 F.2d 724, 732 (9th Cir.1990) (the withheld impeachment evidence was "merely cumulative" because the defendant extensively cross-examined the witness at trial). Urey was thoroughly cross-examined at trial. The jury was made aware that Urey pled guilty to a felony offense pursuant to a plea agreement whereby the government agreed not to prosecute him for some charges in exchange for his testimony against Nuanez. Urey's testimony was also impeached by contrary statements by other codefendants. Furthermore, Urey's general character was also impeached on cross-examination.
 
 
 7
 Most importantly, Urey was cross-examined about the very subject of the alleged impeachment evidence. The jury was aware that Urey passed and uttered several fraudulent money orders with persons other than Nuanez. Urey testified on cross-examination that part of his motivation for agreeing to testify was the government's agreement not to prosecute him for certain additional offenses not named in the indictment. Urey testified that those offenses also involved passing fraudulent money orders and that they took place after the indictment in this case was returned. This information was the crux of the investigative report which is the alleged Brady violation. Because the information was presented to the jury, and Urey was extensively cross-examined otherwise, the evidence was merely cumulative.
 
 II.
 
 8
 Whether a jury instruction misstates elements of a statutory crime is a question of law and is reviewed de novo. United States v. Tagalicud, 84 F.3d 1180, 1183 (9th Cir.1996).
 
 
 9
 Nuanez challenges the instructions for omitting a requirement that the defendant made a false representation that the money order was genuine. Nuanez notes that the indictment charged that she "did pass and utter ... as true and genuine" the altered money orders. Nuanez argues that the crime of uttering necessarily requires a false representation that the money order was genuine. The statute which makes both uttering and passing a forged postal money order a crime does not include this requirement. See 18 U.S.C. § 500. There is no Ninth Circuit law as to whether the offense of uttering includes an element of false representation, but the general rule appears to be that it does. See United States v. Eddy, 597 F.2d 430, 432 (5th Cir.1979); Black's Law Dictionary 1547 (6th ed. 1990) ("To utter, as used in a statute against forgery and counterfeiting, means to offer, whether accepted or not, a forged instrument, with representation, by words or actions, that the same is genuine").
 
 
 10
 We need not reach that issue, however, because the jury instructions adequately set forth the elements of the crime of passing a counterfeit money order in violation of 18 U.S.C. § 500. "The indictment charged [Nuanez] in the conjunctive, with both passing and uttering. This is the standard form of an indictment, however, and the government only has to prove one or the other where the statute is disjunctive." United States v. DeFilippis, 637 F.2d 1370, 1374 n. 7 (9th Cir.1981) (emphasis in original).[2] We have held that a false representation is not a necessary element for passing a forged money order. Kniess v. United States, 413 F.2d 752, 759 (9th Cir.1969). There is no dispute that the jury was adequately instructed on the offense of passing forged money orders. Therefore, we affirm the defendant's conviction.[3]
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his Brady ruling, Judge Broomfield found "that there was a Brady violation" but did not grant a new trial. A Brady violation cannot be harmless, however, so that ruling would be error. See Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 1566-67 (1995). But it appears from the context of his ruling that Judge Broomfield meant to find that the evidence was exculpatory but not material--that is, not a Brady violation at all
 
 
 [2]
 The relevant statute in this case is disjunctive. See 18 U.S.C. § 500 ("Whoever, with intent to defraud, passes, utters or publishes ... any such forged or altered money order or postal note ... shall be fined under this title or imprisoned not more than five years or both.")
 
 
 [3]
 Although the jury found Nuanez "guilty as charged in" the indictment for violations of 18 U.S.C. § 500, the judgment of conviction stated, inter alia, that Nuanez was "convicted of the offense(s) of: ... Title 18, United States Code, Section 500--Uttering Altered Money Orders--as charged in Counts 2 and 4 of the Indictment--felonies." (emphasis added). As noted above, those counts of the indictment charged both uttering and passing altered money orders in violation of 18 U.S.C. § 500, and Judge Broomfield instructed the jury as such. After specifically requesting to see the indictment, the jury returned a verdict of "guilty as charged in" those counts of the indictment. Specifying the offense of "uttering" therefore appears to be a typographical error. See United States v. Johnson, 415 F.2d 653, 656 (9th Cir.1969) (typographical error in judgment of conviction was not prejudicial); see also United States v. Lennick, 18 F.3d 814, 817 n. 1 (9th Cir.1994). At the very least, the inaccurate specification of "uttering" is superfluous to the judgment of the conviction. See Lynch v. United States, 243 F.Supp. 633, 635 (S.D.Cal.1965), aff'd, 362 F.2d 252 (9th Cir.), aff'd, 364 F.2d 313 (9th Cir.1966)