**PRICE v. UNITED STATES.**

No. 11409.

United States Court of Appeals,
Sixth Circuit.

Dec. 3, 1951.

Homer C. Price, in pro per.

Edward T. Kane, and Vincent Fordell, Detroit, Mich., for appellee.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

This cause has been considered on the record and on the respective briefs of appellant and appellee; and it appearing that appellant, on August 31, 1948, filed a motion to vacate a sentence of sixty-five years imprisonment imposed upon him on May 14, 1938, by District Judge Moinet, now retired, such sentence having been clearly unlawful and erroneous for the reasons stated in Simunov v. United States, 6 Cir., 162 F.2d 314, dealing with a codefendant of appellant;

And it further appearing that, on October 28, 1948, Honorable Theodore Levin, United States District Judge, entered an order dismissing counts 1 and 3 of the indictment upon which appellant was convicted, all four counts thereof being based upon violations by appellant of section 588b, Title 12 U.S.C.A.,[1] and imposed sentences of 25 years respectively on counts 2 and 4 of such indictment, said sentences having been provided to run concurrently and to have been deemed to commence as of May 14, 1938, the date of the original sentence;

And it appearing that the maximum sentence which could have been imposed on count 2 of the indictment was 20 years, but that the maximum sentence permissible on count 4 is 25 years and both of these sentences having been imposed simultaneously by the order of re-sentence entered by District Judge Levin and it thus appearing that the total punishment imposed did not exceed the permissible limit on one of the counts; and it being the evident intention of the re-sentencing judge that the prisoner should serve the full limit permissible by the statute, obviously appellant has not been prejudiced by the technical error in re-sentencing;

And it is accordingly ordered, in compliance with the procedure prescribed by this court in Remine v. United States, 6 Cir., 161 F.2d 1020, that the invalid sentence pronounced on count 2 of the indictment be expunged, because merged in the

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 2113.

twenty-five-year sentence imposed on count 4; and, with this correction, the judgment of the District Court imposing the twenty-five-year sentence of imprisonment is affirmed.