**John Lamar HALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22543.**

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1966.

WISDOM, Circuit Judge.

The defendant-appellant—found guilty on two counts of violating the Federal Bank Robbery Act, and given a single ("general") sentence of fifteen years—contends that the sentence is illegal, under Benson v. United States, 5 Cir. 1964, 332 F.2d 288. We affirm: The Benson rule is inapplicable.

John Lamar Hall pleaded guilty to an indictment charging (1) felonious entry of the Citizens Bank in Shady Dale, Georgia, on May 2, 1958, in violation of 18 U.S.C. § 2113(a) and (2) theft of $212.45 from the same bank on the same day, in violation of 18 U.S.C. § 2113(b). Conviction on Count 1 carries a maximum penalty of 20 years; conviction on Count 2, a maximum penalty of 10 years. The district judge sentenced Hall to fifteen years imprisonment without specifying the count or counts to which the sentence applied. Hall moved under F.R.Crim.P. 35, to correct the sentence on the ground that it was a "general sentence".[1] The district court denied his motion. Hall appealed, relying on Benson. In Benson v. United States, Benson was convicted on three counts carrying a maximum penalty of 5, 10, and 10 years imprisonment respectively. The district court sentenced Benson to 15 years.[2] This court held that a single general sentence imposed for multi-count convictions is illegal and subject to correction under F.R.Crim.P. 35; the district judge must impose a separate sen-

John Lamar Hall, pro se.

Sampson M. Culpepper, Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before BROWN, WISDOM and THORNBERRY, Circuit Judges.

1. "Rule 35. Correction or reduction of sentence
The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

2. Count 1 charged theft of a letter containing a United States Treasury check, in violation of 18 U.S.C.A. § 1708. Counts 2 and 3 alleged acts in violation of 18

U.S.C.A. § 495, namely forgery of the payee's endorsement on the stolen check (Count 2), and uttering and publishing of the check with the forged endorsement (Count 3).

| Count | Code Section 18 U.S.C.A. | | Maximum Sentence Years |
|---|---|---|---|
| 1 | § 1708 | | 5 |
| 2 | § 495 | | 10 |
| 3 | § 495 | | 10 |
| | | Total | 25 |

tence for each count on which a defendant is convicted. Specific sentences promote rehabilitation, because a prisoner then knows precisely for what he is being punished.

In enacting the Federal Bank Robbery Act, Congress did not intend that the crime of entry into a bank with intent to rob be a separate offense from the consummated robbery. Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. The crime of entering merges with the consummated crime if the robbery is completed:

> "It is a fair inference from the wording in the Act, uncontradicted by anything in the meager legislative history, that the unlawful entry provision was inserted to cover the situation where a person enters a bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime. The gravamen of the offense is not in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours. Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated. To go beyond this reasoning would compel us to find that Congress intended, by the 1937 amendment, to make drastic changes in authorized punishments. This we cannot do." 352 U.S. at 328, 77 S.Ct. at 406.

Since the Act imposes a penalty for only a single offense, the district judge could properly impose a single sentence. See also Heflin v. United States, 5 Cir. 1955, 223 F.2d 371; Wells v. United States, 5 Cir. 1941, 124 F.2d 334.

The United States also argues that Benson is inapplicable here, because Benson looked only prospectively and Hall's sentence was imposed before the date of the Benson decision. Cf. Rogers v. United States, 5 Cir. 1962, 304 F.2d 520.

Since we hold that the sentence was valid under the Federal Bank Robbery Act, it is unnecessary to decide whether the rule of Benson applies retrospectively.

The judgment is affirmed.