**Richard T. LYNCH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20658.**

United States Court of Appeals
Ninth Circuit.

July 18, 1966.

Richard Lynch, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Criminal Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Criminal Division, Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JOHNSEN,* JERTBERG and DUNIWAY, Circuit Judges.

PER CURIAM:

Before us is an appeal from a judgment of the United States District Court for the Southern District of California, Southern Division, denying appellant's motion to vacate judgment and sentence under 28 U.S.C. § 2255.

Appellant, while represented by appointed counsel, pleaded guilty to the charge of robbing a savings and loan association in violation of 18 U.S.C. §§ 2113(a) and (d) and was sentenced to the custody of the Attorney General for a term of ten years.

In an earlier appeal from an order denying a similar motion made on different grounds, this court affirmed the order. See Lynch v. United States, decided May 24, 1966, 9 Cir., 362 F.2d 252.

In the instant cause, appellant moved the district court to vacate judgment and sentence under 28 U.S.C. § 2255 on two grounds: (1) the sentence of ten years was allegedly invalid because it was a general sentence upon a three-count indictment and (2) the judgment was allegedly invalid because it materially departed from the oral pronouncement of sentence.

 We find no merit in appellant's contentions. The indictment is in one count and charges appellant with but one offense. Any reference in the indictment and judgment to 18 U.S.C. § 2 relates only to appellant's co-defendant Gallant, who was charged with "aiding and abetting" appellant in the commission of the offense to which appellant pleaded guilty. Any reference in the indictment and judgment to 18 U.S.C. §§ 2113(a) and (d) does not constitute two separate and distinct offenses. Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). This court has reached the same conclusion, holding that, "[F]or sentencing purposes, an offense under subsection (a) becomes merged with the more aggravated offense under subsection (d)." Bayless v. United States, 347 F.2d 354, 356 (9 Cir., 1965).

We find no material inconsistency between the judgment of conviction and the oral pronouncement of sentence.

The order appealed from is affirmed.