**UNITED STATES of America**

**v.**

**James Cames CHESTER, Ronnie Lee Murray, Charleston Lewis, James Cames Chester, Appellant.**

**No. 16906.**

United States Court of Appeals Third Circuit.

Argued Jan. 7, 1969.

Decided Feb. 4, 1969.

Certiorari Denied May 5, 1969. See 89 S.Ct. 1642.

---

Thomas B. Rutter, Litvin & Rutter, Philadelphia, Pa., for appellant.

Robert J. Cirafesi, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

## OPINION OF THE COURT

Before BIGGS, FORMAN and FREEDMAN, Circuit Judges.

FREEDMAN, Circuit Judge:

James Cames Chester appeals from his conviction by a jury of conspiring to violate the bank robbery statute (18 U.S.C. § 2113(a), (b), (d)) and of violating the substantive sections of the statute as an aider and abettor under 18 U.S.C. § 2.

An armed robbery of the Lyons Avenue Branch of the Fidelity Union Trust Company in Newark, New Jersey, was committed on July 12, 1966. The participants at the time were Chester's co-defendants, Murray and Lewis, together with a man called Willie, who was not apprehended. Murray and Lewis confessed to the crime and the involvement of their accomplice, Willie. They later told the authorities of Chester's participation in the planning of the robbery and the division of the spoils.

Murray and Lewis pleaded guilty and their testimony was the cornerstone of the case against Chester, who pleaded not guilty.

Appellant's court-appointed counsel asserts that the government's evidence shows that Chester effectively withdrew from the conspiracy before the robbery. Hence he argues that testimony regarding events and conversations which occurred among the conspirators after Chester withdrew was inadmissible against him and also that the trial judge should have instructed the jury on what constitutes a withdrawal from the conspiracy and the effect of withdrawal before the conspiracy is executed. No mention was made of the theory of withdrawal at the trial, but it is urged that this omission in the charge was plain error under Rule 52(b) of the Federal Rules of Criminal Procedure.

The difficulty with these contentions is that there is nothing in the government's case which required submission to the jury of the factual issue on which they rest. Viewed in the light

most favorable to the defendant the government's evidence does not furnish a basis for a finding of withdrawal by Chester from the conspiracy. Chester initiated the conspiracy, he planned the robbery, prepared and provided a sketch of the bank, brought the participants together, assigned various responsibilities to them, and supplied some of the tools for the robbery, including a car which he stole for that specific purpose, and a gun.

Appellant lays stress upon a telephone call which Chester received from his wife when all the confederates were together as they were about to execute the robbery. The testimony is that he told them that his wife had received a message from his lawyer that he was to appear in court immediately and, therefore, could not participate in the robbery which was planned to go forward at that time. The evidence indicates at the most, however, that Chester was willing that the other three men either wait until he returned when he would join them, or that they should go on without him, but there is nothing in it which would justify the conclusion that he was removing himself from the conspiracy. A more sinister interpretation is that he was seeking to avoid the risk involved in the actual robbery while at the same time remaining in the conspiracy and sharing in its fruits. In fact, shortly after the robbery was committed Chester met Murray and expressed his anger and disappointment that the loot amounted only to $21,000. He then agreed with Murray to tell the others that a smaller amount had been obtained so that he and Murray could deprive them of their full share. Chester himself took $6,000.

■ In these circumstances there was no fundamental error in the trial judge's failure to charge the jury on the law relating to withdrawal from a conspiracy. Nor was it error to admit the declarations of Chester's co-conspirators after he left them to go to court.

■ The law is clear that in order to sustain a claim of withdrawal from a conspiracy a defendant must prove an "affirmative action * * * to disavow or defeat the purpose [of the conspiracy]" (Hyde v. United States, 225 U.S. 347, 369, 32 S.Ct. 793, 803, 56 L.Ed. 1114 (1911)), or some "definite, decisive and positive step" which shows that his disassociation is "full, decisive and complete." Deacon v. United States, 124 F.2d 352, 357, 359 (1 Cir. 1941).

■ There is, however, a technical error in the sentences imposed on Chester. He was sentenced to five years imprisonment on the conspiracy charge contained in Count 1. On Count 2, the bank robbery charge under 18 U.S.C. § 2113(b), he was sentenced to five years imprisonment. On Count 3, charging entry into a bank with intention to commit a felony under 18 U.S.C. § 2113(a), he was sentenced to ten years imprisonment. The sentences on these three Counts were made consecutive, totaling twenty years. On Count 4, charging him with jeopardizing the lives of employees of the bank by using a dangerous weapon, he was sentenced to twenty years imprisonment, but this sentence was made concurrent with the other sentences. The five year sentence under Count 2 and the ten year sentence under Count 3 which were made consecutive were pyramided in violation of the rule announced in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). The sentences therefore are technically improper. The total sentences thus imposed, however, do not exceed the sentence of twenty years on Count 4. Since this was made concurrent with the sentences on Counts 1, 2, and 3, it is impossible to know what the sentencing judge would have done on Count 4 if he had not pyramided the sentences on Counts 2 and 3.

We shall therefore affirm the conviction but vacate the sentence and remand the cause to the district court for resentencing consistent with this opinion.

56

The Court expresses its thanks to Thomas B. Rutter, Esquire, who ably argued the appeal as court-appointed counsel for appellant.