**UNITED STATES of America**

**v.**

**Robert B. CORSON and Eugene J. McCullough.**

**Appeal of Eugene J. McCULLOUGH. No. 71-2058.**

United States Court of Appeals, Third Circuit.

Submitted April 18, 1972 under 3rd Cir. Rule 12(6).

Decided May 5, 1972.

David Rudovsky, Kairys & Rudovsky, Philadelphia, Pa., for appellants.

J. Clayton Undercofler, III, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ADAMS, MAX ROSENN, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted by a jury on three counts of an indictment, all based upon a single armed robbery of a bank. The district court sentenced appellant to ten years imprisonment on count I under 18 U.S.C. § 2113(a) for entering the bank with the intent to commit any felony, five consecutive years in prison on count II under 18 U.S.C. § 2113(a) for robbing the bank, and five years consecutive probation on count III under 18 U.S.C. § 2113(d) for jeopardizing life by using a dangerous weapon during the robbery.

When appellant challenged this sentence under Rule 35, the district court on October 21, 1969, vacated the sentence under counts II and III as improperly pyramided and retained its sentence on count I. On appeal, this court, by a decision en banc, remanded the case to the district court with directions (1) to vacate its order of October 21, 1969, (2) to vacate the multiple sentences originally imposed, and (3) in a proceeding in conformity with Rule 43, to impose a

general sentence on all three counts not to exceed the ten year sentence originally imposed on count I. United States v. Corson, 449 F.2d 544 (3d Cir. 1971). The district court complied with our decision by its order dated October 5, 1971.

On this appeal, the appellant raises as a primary question the validity of the general sentence imposed by the district court in compliance with our decision. We carefully considered this question when the case was before us on the prior appeal and found that a general sentence was "particularly suited" to sentencing for violations of the Bank Robbery Act. We have examined the subordinate issues raised by appellant and find them all without merit.

The sentence will be affirmed.