UNITED STATES of America

v.

**Michael NGUYEN, Thuy A. Le, Appellants.**

Nos. 07–3254, 08–2414.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 13, 2009.

Filed Sept. 8, 2009.

David E. Fritchey, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Appellee.

Cheryl J. Sturm, Esq., Chadds Ford, PA, for Defendant–Appellant.

Before: McKEE, SMITH, Circuit Judges and STEARNS *, District Judge.

* Honorable Richard G. Stearns, United States District Judge for the District of Massachu- setts, sitting by designation.

## OPINION OF THE COURT

McKee, Circuit Judge.

Michael Nguyen and Thuy Le both appeal the respective sentences that were imposed after they were convicted of conspiracy to distribute 100 kilograms or more of marijuana. For the reasons that follow, we will affirm.

### I.

██ The first of Nguyen's several arguments is that the district court should have granted his motion to dismiss his indictment based on violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and the Interstate Agreement on Detainers ("IAD"), 18 U.S.C.App. § 2. We review the district court's legal conclusions de novo, and factual findings are reviewed for clear error. *United States v. Dent*, 149 F.3d 180, 183 (3d Cir.1998). First, we note that Nguyen's claim based on the IAD must fail, since the rights provided for in the agreement are triggered only when a detainer has been filed by the requesting jurisdiction based on pending charges against the prisoner. *United States v. Mauro*, 436 U.S. 340, 343, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). Here, the district court judge issued a writ of habeas corpus ad testificandum for him to testify before a grand jury, and thus at the time Nguyen claims there was a violation of his IAD rights there were no "untried indictments, informations, or complaints" against him as required by the IAD.

██ In addition, a defendant may waive his right to a speedy trial without explicitly stating a desire to do so. *See, New York v. Hill*, 528 U.S. 110, 114, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) (holding that where defense counsel agreed to a trial date beyond the 180 day limit imposed by the IAD, defendant's rights under the IAD were deemed to be waived). Here, the defendant agreed to a complex case designation, which necessarily tolls the Speedy Trial clock. In addition, the defendant requested and was granted a continuance of the trial in order to locate an essential witness. Therefore, Nguyen waived any rights he may otherwise have had under the Speedy Trial Act and the IAD does not apply.

### II.

██ Nguyen's next argument is that the district court committed error in its supplemental jury instructions by failing to properly respond to two questions posed by the jury during deliberations. Because Nguyen failed to object to the judge's supplemental jury instructions, we review only for plain error. *United States v. Antico*, 275 F.3d 245, 265 (3d Cir.2001), *cert. denied*, 537 U.S. 821, 123 S.Ct. 100, 154 L.Ed.2d 30 (2002). Nguyen argues that the first question—"Can you provide a summary of the amounts, pounds of marijuana 100 kilos?"—should have been interpreted as a request for a table to assist jury in converting pounds into kilograms. However, the judge and counsel for both sides understood this question to be a request for a summary of the evidence. Counsel and the judge agreed not to provide an evidentiary summary. Rather, the jury was reminded of its obligation to deliberate based upon each juror's recollection of the evidence.

We see no reason to conclude that the jury was actually requesting a conversion into pounds, and the jury did not attempt to clarify the court's response in any manner that would suggest the kind of misunderstanding that Nguyen now hypothesizes. Moreover, during closing argument the prosecutor told the jury that 100 kilograms was equal to approximately 225 pounds. The jury instructions explained the need for each juror to be convinced of the defendant's guilt beyond a reasonable doubt. Any uncertainty about whether

quantity had been proved would therefore have enured to the defendant's benefit.

■ The jury also asked: "Is the 100 kilogram amount legally significant? If so, can we know how or why?". The court properly instructed the jury that the amount was a legal matter not for its consideration. Nguyen argues that the jury was entitled to know the significance of the 100 kilograms because it is an element of the offense. While the jury was required to determine *whether* Nguyen conspired to distribute 100 kilograms of marijuana, there was no requirement that it be informed of the sentencing consequences that would result from that finding. A contrary rule would improperly open the door to allowing jurors to base a verdict on sentencing consequences. *See, Rogers v. United States,* 422 U.S. 35, 40, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975) ("[T]he jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed.").[1] Therefore, we find no error in the judge's supplemental jury instructions.

### III.

■ Nguyen also challenges the sufficiency of the evidence. He first contends that there was insufficient evidence to convict him of being a conspirator as opposed to an independent contractor. Our review of the sufficiency of the evidence is "particularly deferential." We will sustain the verdict "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *United States v. Voigt,* 89 F.3d 1050, 1080 (3d Cir.1996)) (internal quotations omitted).

A drug distribution conspiracy requires: "(1) a shared unity of purpose; (2) an intent to achieve a common goal; and (3) an agreement to work together toward the goal." *United States v. Iglesias,* 535 F.3d 150, 156 (3d Cir.2008) (quoting *United States v. Bobb,* 471 F.3d 491, 494 (3d Cir. 2006).) In determining whether a conspiracy exists, courts have looked to "the length of affiliation between the defendant and the conspiracy; whether there is an established method of payment; the extent to which transactions are standardized; and whether there is a demonstrated level of mutual trust." *Iglesias,* 535 F.3d at 156 (quoting *United States v. Gibbs,* 190 F.3d 188, 199 (3d Cir.1999)). Not all of the above factors must be present in order to find a conspiracy—indeed, the presence of even one factor may be sufficient. *Id.*

Here, the government presented testimony that Nguyen was introduced to the Ton Organization as someone who could sell large quantities of marijuana. There was evidence that he was affiliated with the conspiracy for several months, and that like other co-conspirators here he received marijuana on consignment, usually sold it within a week, and usually paid a member of the Ton Organization for that marijuana. The jury could have concluded that Nguyen received about $1,000,000 worth of marijuana over the course of 15 to 20 transactions, and that he paid for all but $20,000 of it. Although Nguyen argues that his failure to pay for some of the marijuana is evidence of an attempt to frustrate the conspiracy, there is nothing in the record that suggests that this was a deliberate attempt to disrupt the actions of the Ton Organization.[2] The evidence here

---

1. In addition, Third Circuit Model Criminal Jury Instruction 3.16 states: "You should never consider the possible punishment in reaching your verdict."

2. In fact, this argument is undermined by the testimony of Phuc Vo, who stated on cross that Nguyen told him that the only reason Nguyen could not pay the $20,000 was because the marijuana given to him on consignment had been stolen from his car.

was clearly sufficient to establish Nguyen's membership in the conspiracy beyond a reasonable doubt.

■ Nguyen also argues that there was insufficient evidence for the jury to find that he conspired to distribute 100 kilograms or more of marijuana. That argument is equally meritless. Phuc Vo, one of the leaders of the Ton Organization, testified that he provided Nguyen with at least 300 pounds of marijuana on consignment, with the largest single sale being 180 pounds. Nguyen points out that, in contrast to Phuc Vo's testimony, Benjamin Ton testified that the most he personally sold it Nguyen was 100 pounds. Nguyen argues that because of this conflicting testimony, no rational juror could have found that he conspired to sell more than 100 kilograms. However, the fact that the jury credited the testimony of Phuc Vo over Benjamin Ton is not grounds for reversal.[3] We can not weigh the evidence or determine the credibility of witnesses. *See, United States v. Miller,* 527 F.3d 54, 60 (3d Cir.2008).

## IV.

■ Nguyen challenges the sentence that was imposed on several grounds. First, he contends that the district court erred in imposing a general sentence of 262 months. Because Nguyen did not raise this objection before the sentencing court, we review for plain error. *United States v. Couch,* 291 F.3d 251, 252–53 (3d Cir.2002), Nguyen cites *United States v. Moriarty,* 429 F.3d 1012, 1025 (11th Cir. 2005), for the proposition that general sentences are illegal. However, we have repeatedly held that where a defendant is convicted on multiple counts, a general sentence is permissible as long as it does not exceed the maximum possible sentence

for the count which carries the greatest sentence. *See, United States v. Xavier,* 2 F.3d 1281, 1292 (3d Cir.1993); *United States v. Corson,* 449 F.2d 544, 551 (3d Cir.1971) *(en banc )*; *Jones v. Hill,* 71 F.2d 932, 932 (3d Cir.1934). Here, the general sentence of 262 months was less than the maximum permissible penalty for any of the counts of conviction.

■ Nguyen next argues that his sentence was not reasonable. A sentence will be upheld if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier,* 475 F.3d 556, 571 (3d Cir.2007) *(en banc), cert. denied,* 552 U.S. 848, 128 S.Ct. 106, 169 L.Ed.2d 77 (2007). This requires the sentencing judge to "set forth enough to satisfy the appellate court that he[/she] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Here, the record shows that the sentencing court properly calculated the advisory guideline range, considered all relevant § 3553(a) factors, as well as the sentencing arguments made by the parties, and reasonably applied each of these factors to the circumstances of this case. The judge explained in detail why, based on these factors, a sentence at the bottom of the guideline range was reasonable.

## V.

■ Co-defendant Le argues that the district court erred in not applying the safety valve provision of 18 U.S.C. § 3553(f) because it applied criminal history points to the guidelines calculation in a

---

3. In addition, we note that Ton acknowledged that while he only authorized five marijuana sales to Nguyen, more sales were made without his express authorization, and thus Ton's testimony is not necessarily in conflict with that of Vo.

mandatory fashion. However, we need not reach the merits of Le's argument because Le waived her right to appeal that issue by executing a valid plea agreement that contained an appellate waiver. Le does not argue that the waiver was not entered into knowingly and voluntarily, or that one of the limited exceptions contained in the waiver applies. Instead, she argues that because of the alleged error by the district court, enforcing the appellate waiver would result in a miscarriage of justice. *See, United States v. Khattak*, 273 F.3d 557, 563 (3d Cir.2001) ("Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice."). However, "[a] waiver of the right to appeal includes a waiver of the right to appeal ... debatable legal issues-indeed, it includes a waiver of the right to appeal blatant error." *Id.* at 562. Thus, even if Le's argument had merit, enforcing this waiver would not result in a miscarriage of justice.

## VI.

For all of the above reasons, we will affirm the judgments of conviction and sentence of the district court.