534

Benjamin WILLIAMS

v.

UNITED STATES of America.

Civ. A. No. 69–1015.

United States District Court
W. D. Pennsylvania.

Jan. 19, 1970.

Benjamin Williams, pro se.

Louis C. Glasso, Pittsburgh, Pa., for the United States.

## OPINION

GOURLEY, District Judge.

This is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to Section 2255 of Title 28, U.S.C. by a federal prisoner confined in the United States Penitentiary at Atlanta, Georgia. The federal prisoner moves the Court to vacate the judgment of sentence imposed on November 22, 1968 in Criminal Action No. 13991. The allegations contained in the Motion are such that it is deemed appropriate to recount the full history of movant's criminal proceedings in this Court before reaching the issues raised herein.

On August 16, 1953, movant was indicted in this Court at Criminal Action No. 13990 for the offense of transporting a stolen motor vehicle in interstate commerce, in violation of the Dyer Act, Section 2312 of Title 18 of the United States Code. Additionally, he was indicted at Criminal Action No. 13991 for the offense of transporting in interstate commerce two persons who had theretofore been kidnapped for the purpose of rape and robbery, in violation of the Federal Kidnapping Act, Section 1201 of Title 18 of the United States Code.

On October 26, 1953, following pleas of guilty to both offenses, judgment of sentence of twenty years imprisonment was imposed for the kidnapping offense and five years for the offense of transporting a stolen motor vehicle. Said sentences were to be served consecutively, with the sentence for the kidnapping offense to commence first. On August 22, 1963, after having served about ten years of the aggregate twenty-five year sentence imposed, the movant was paroled. However, he was recommitted as a parole violator on August 18, 1966.

On January 25, 1967, following his recommitment to a federal penitentiary, movant submitted a Motion to Vacate, Correct, or Set Aside Sentence, asserting that his original plea of guilty to the kidnapping offense was induced by his understanding that he could only avoid a possible death sentence under the Federal Kidnapping Act by entering a plea of guilty, which would remove his criminal action from the jury.[1] Said Motion was denied by this member of the Court on February 3, 1967. An appeal was taken to the United States Court of Appeals for the Third Judicial Circuit. During the interim pending adjudication of the appeal, the Supreme Court of the United States rendered its decision in the case of the United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). On June 18, 1968, the Court of Appeals for the Third Judicial Circuit remanded the proceeding to this Court for a determination consistent with the principles enunciated in the case of United States v. Jackson, *supra.*

1. Civil Action 67–118.

Movant was brought within the jurisdiction of this Court upon writ of habeas corpus ad prosequendum, and Louis C. Glasso, Esquire, was appointed as his counsel by this member of the Court on October 4, 1968. Movant was called before this member of the Court on November 22, 1968, at which time the original judgment of sentence imposed at Criminal Action No. 13991 was vacated.[2] At the same time, with his counsel present, the prisoner entered a new plea of guilty to the kidnapping offense charged in the indictment at Criminal Action No. 13991, and the Court imposed a new sentence of twenty years imprisonment upon said plea, granting the prisoner credit for all time previously served on the original judgment of sentence, to the extent the Court was authorized by law to do so.[3]

It is the validity of this second plea of guilty and judgment of sentence imposed thereon which is challenged by the present Motion. The present Motion is not the first communication which the movant has had with the Court concerning his second plea of guilty and the judgment of sentence imposed thereon. By letter dated January 13, 1969, the prisoner requested a reduction of sentence which was denied by this member of the Court on February 14, 1969.[4] Also, by letter of July 1969, the prisoner requested a correction of sentence, asserting that he was entitled to credit on his newly imposed sentence for the time spent by him on parole prior to his recommitment for parole violation. This request for relief was denied by this member of the Court by Order dated August 12, 1969.[5]

The present Motion challenges the newly imposed judgment of sentence at Criminal Action No. 13991 on new grounds, relating essentially to the validity of movant's second guilty plea. Although this is a second attack upon the second plea of guilty by motion under Section 2255 of Title 28 of the United States Code, the matter before us requires new consideration because of the new grounds raised by the movant.

Concerning the validity of his second guilty plea at Criminal Action 13991, and the judgment of sentence imposed thereon, the prisoner makes the following contentions:

1. This member of the Court should have disqualified himself from conducting a hearing upon the appointment of counsel for movant and from receiving his guilty plea for the reason that said member of the Court was emotionally involved in the case.

2. The plea of guilty was induced by the threat of this member of the Court that movant would receive a life sentence if he opted for a trial by jury upon the vacation of the original judgment of sentence.

3. The plea of guilty was induced by the promise that movant would only receive a total sentence of five years on Criminal Action Nos. 13991 and 13990, if he so plead.

4. This member of the Court erred in stating that the maximum sentence which could be imposed was life imprisonment when only the twenty five years originally imposed could be the maximum.

5. At the time of his guilty plea, the indictment was not read and movant plead guilty to charges so vague as to render the plea invalid.

6. By virtue of being sentenced under both the Federal Kidnapping Act

2. While possibly of academic interest only at this time, it may be noted that United States Courts are divided on the question of whether United States v. Jackson, *supra*, has retrospective application. See United States ex rel. Allison v. New Jersey, 418 F.2d 332 (3d Cir.), decided October 29, 1969 but not yet officially reported. I do not believe the Court of Appeals for the Third Judicial Circuit has ruled upon the question.

3. Movant's conviction and sentence at Criminal Action No. 13990, for the interstate transportation of a stolen motor vehicle, remained unaffected by this proceeding.

4. Criminal Action Nos. 13990 and 13991.

5. Civil Action 69–955.

and the Dyer Act, movant was subjected to double jeopardy.

7. The prisoner's sentence under the Dyer Act is invalid for the reason that he was not resentenced under it when the sentence under the kidnapping act was vacated.

8. The Court appointed counsel who was a friend of the Court and not counsel of movant's choice.

The contentions raised will be considered in the order enumerated herein.

■ It is a meritless contention that this member of the Court, who sentenced movant in 1953, should have disqualified himself from hearing movant's post conviction proceedings due to an alleged "emotional involvement" in the original proceedings. It is precisely the very involvement in the original criminal proceedings which provides the judge presiding over the original criminal proceedings with the full understanding needed to adjudicate post-conviction matters relating to those proceedings. That the involvement of this member of the Court was one of heart as well as mind can hardly be challenged by movant, when one considers the most disturbing nature of those criminal acts committed these many years ago.

Disqualification of this member of the Court neither was required nor would have been desirable. As so well stated in the case of Mirra v. United States, 379 F.2d 782 (2d Cir. 1967), at pps. 787–788:

"Any opinions formed for or against a party by reason of the evidence and observed conduct before a judge in a judicial proceeding, and the judge's expressions of such opinions, however vigorous, are not the personal 'bias and prejudice' required to disqualify a judge under the statute. (Citations omitted.)

"And the fact that personal observations by the judge on trial necessarily enter into his rulings is not cause for disqualification. Indeed, one of the purposes of § 2255 was to make use of such knowledge of the trial occurrences in passing on attacks on convictions because of such occurrences. (Citations omitted.)"

Accordingly, I find movant's first contention to be without merit.

■ Movant's next two contentions charge that his second plea of guilty to the indictment at Criminal Action No. 13991 was induced by a threat by this member of the Court that a jury trial would result in a life sentence and by a promise by an undesignated person that a plea of guilty would result in a sentence of no more than five years imprisonment. The record of the relevant post-conviction hearings, conducted on October 4, 1968 and November 22, 1968, conclusively refutes these contentions—nowhere in the record is there support for the proposition that either threats or promises were made to movant. Additionally, the existence of any threats or promises are belied by movant's own statements rendered upon making his second guilty plea and in response to a full inquiry as to whether movant knowingly and understandingly entered said plea. I find that the record conclusively indicates that no promises or threats were made to the movant and that no further hearing upon these questions is merited. See Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962).

■■ Movant next contends that it was error to advise movant at the time of his second guilty plea that he could be sentenced to as much as life imprisonment upon resentencing. This contention is without legal merit. While the Court may not follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the purpose of punishing success in setting aside a conviction, it is not precluded from imposing an increased sentence upon reconviction, by plea or verdict, when events occurring after the first sentencing justify the same. North Carolina, et al. v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Having the power to impose an increased sentence on re-conviction in given circumstances which would not be known fully to the

Court until following a renewed plea of guilty, it is appropriate, if not in fact required, for the Court to advise the accused of the maximum sentence which can be imposed at the time of taking the plea.

■ Movant contends that the indictment at Criminal Action No. 13991 was not read at the time of his second plea of guilty. The contention can only be regarded as frivolous. Even disregarding the substantial likelihood that movant knew of the charge in the indictment prior to his first plea of guilty in 1953, there is absolutely no question that he had a full awareness of said charge prior to his second plea of guilty in 1968. In his pro-se Motion to Vacate filed in this Court in 1967 and which formed the basis for the vacation of the conviction and sentence at Criminal Action 13991, movant himself alleged that he had been charged with and convicted for violation of the Lindbergh Act.[6] Additionally, the record of the hearing held upon movant's second plea clearly indicates his knowledgeability of the factual content of the indictment, for movant acknowledged therein that he believed he had no defense to the indictment. Accordingly, this contention of movant also must fail.

■ It is next contended that movant was subjected to double jeopardy by virtue of being sentenced and convicted under both the Dyer Act and the Federal Kidnapping Act. This contention is without legal merit. No question of double jeopardy arises for the reason that the offenses of transporting a *person* in interstate commerce in violation of the Federal Kidnapping Act and so transporting a *stolen motor vehicle* in violation of the Dyer Act are separate and distinct offenses. Langston v. United States, 153 F.2d 840, 841 (8th Cir. 1946).

■ Movant contends that the sentence imposed upon him for violation of the Dyer Act is invalid for the reason that it should have been vacated along with the sentence imposed for kidnap-

ping. The offenses were separate and distinct. At the time of his original pleas of guilty to the two offenses charged at Criminal Actions 13990 and 13991 respectively, movant had the unconstrained option to plead guilty or not guilty to either one or both of the separate indictments returned against him. While the provision of the Federal Kidnapping Act that a death sentence could only be rendered upon jury trial contained an inherent inducement to movant to avoid a jury trial upon the kidnapping indictment, it offered no similar inducement with regard to the indictment for transporting a stolen motor vehicle in interstate commerce. Accordingly, the validity of the conviction and sentencing of movant under the Dyer Act stands unchallenged by the case of United States v. Jackson, *supra,* and need not have been vacated at the time of vacation of the conviction and sentence for kidnapping.

■ Movant finally contends that the Court appointed counsel who was a friend of the Court and not counsel of movant's choice. It is clear from the record that movant was proceeding as an indigent both upon his original Motion to Vacate Sentence and at the time of his second guilty plea. Movant was constitutionally entitled to the appointment of competent counsel by the Court but he was not entitled to counsel of his own choosing. Kruchten v. Eyman, 276 F.Supp. 858, 859 (D.Ariz.1967). With respect to the particular allegation that counsel was a friend of the Court, it need only be said that Louis Glasso, Esquire, is an esteemed attorney whose public reputation as a defender of the accused speaks for itself. Additionally, the record reflects the absolute competency of counsel.

Having reviewed the instant Motion and the entire records of movant's criminal proceedings, the Court concludes that an evidentiary hearing is neither required nor merited and that relief must be denied with respect to all contentions raised.

6. Civil Action 67–118.

In the Motion to Vacate Sentence filed on August 28, 1969, request was made for the appointment of counsel. The request for the appointment of counsel will be denied since an evidentiary hearing is not merited.

By letter dated October 13, 1969, movant requested certain records of his criminal proceedings including transcripts of testimony filed on November 5, 1968 and September 12, 1967. The request for copies of records will be granted with respect to those existing records deemed by the Court to be relevant to this proceeding, in order that movant may knowledgeably determine whether to appeal from this adjudication.

An appropriate Order is entered.