Sidney A. **MAUNEY**, Movant,

v.

**UNITED STATES of America,**
**Respondent.**

Civ. A. No. 2752.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 14, 1971.

------◆------

Sidney A. Mauney, pro se.

John L. Bowers, U. S. Atty. by Robert L. Simpson, Jr., Asst. U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Mauney, in custody under sentence of this Court in United States of America, plaintiff, v. Sidney A. Mauney, defendant, criminal action no. 7150, this district and division, claims the right to be released upon the grounds that he was deprived therein of his right to a fair trial under the Constitution, Fifth and Fourteenth Amendments, and to the effective assistance of counsel under the Constitution, Sixth Amendment. 28 U.S.C. § 2255. The respondent has now filed its response.

The claim of Mr. Mauney as to the ineffectiveness of his counsel relates to counsel's failure to prove that the movant's father had registered the firearm he (the movant) was convicted of having transported in interstate commerce after having earlier been convicted of a felony, and that such firearm had been in the possession of others before the movant's arrest; and secondly, his failure to raise the issue of the movant's being charged under 18 U.S.C. § 922(g) (1) instead of 18 U.S.C. § 1202. His claim of an unfair trial relates to his claimed insufficiency of the evidence to support his conviction under 18 U.S.C. § 922(g) (1), and to his claim of ignorance of the law prior to his arrest. He seeks a new trial so that he may relitigate the issue of his guilt or innocence.

◼ The motion and files and records of the above-titled criminal action show conclusively that Mr. Mauney is entitled to no relief. 28 U.S.C. § 2255. He was indicted, tried and convicted by a jury under a statute which renders it unlawful for any person who has been convicted of a felony to transport a firearm in interstate commerce. 18 U.S.C. § 922(g) (1). All of the elements of this crime were proven by competent evidence. It was unnecessary to a conviction for the jury to have found that Mr. Mauney owned the gun in question; he was convicted, as a felon, of having transported the firearm in interstate commerce. This was the gravamen of the offense. While his claimed ignorance of the applicable law at the time of his arrest might have had a bearing on his intent to violate it, this was a defense to be made before the triers-of-the-facts. The statute under which Mr. Mauney is proceeding does not give him the right to try over again the action in which he was found guilty as charged by the indictment. Cardarella v. United States, C.A.8th (1965), 351 F.2d 443, 447 [3], certiorari denied (1962), 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534. He is not entitled to a second review of questions which he was required to raise on his seasonable appeal. United States v. Parker, C.A.6th (1961), 292 F.2d 2, 3 [3].

◼ There is no merit to the movant's request for the appointment of counsel to represent him herein. It is obvious to the Court that the movant is entitled to no relief, and the Court will not under those circumstances indulge the idle gesture of appointing counsel to represent the movant, Forsythe v. State of Ohio, C.A.6th (1964), 333 F.2d 678, 678–679 [1], and disposes of this matter as law and justice require without a hearing, United States v. Kniess, C.A. 7th (1959), 264 F.2d 353.

The movant hereby is denied all relief. Rule 58, Federal Rules of Civil Procedure. Should the movant give timely notice of an appeal herefrom, he hereby is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.