Mackey Raymond CHOICE

v.

UNITED STATES of America.

Civ. A. No. 76–375.

United States District Court,
E. D. Pennsylvania.

June 30, 1976.

Mackey Raymond Choice, pro se.

Frank J. Bove, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

OPINION AND ORDER

FOGEL, District Judge.

Mackey Raymond Choice was convicted by a jury of five counts of bank robbery and conspiracy (18 U.S.C. §§ 2113(a), (b), (d) and 371). He was sentenced by us on April 28, 1975, to a general sentence of twenty years on the substantive counts (II–V), and placed on probation for five years on the conspiracy count (I), with probation to run consecutively with the term of imprisonment.

Petitioner has filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255; he contends that our general sentence of twenty years under Counts II–V was, in actuality, four shorter sentences imposed consecutively in violation of the principles enunciated in *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), and *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).[1]  Petitioner

1. A copy of our Judgment and Commitment Order attached to the motion clearly demonstrates that only one sentence was imposed which was a general sentence on the merged counts.

**370**

also argues that our imposition of a consecutive probationary sentence on the conspiracy count violates the *Prince* rule.[2]

 In connection with this motion, the petitioner has also filed a separate petition for the appointment of counsel. The government has answered his motion under § 2255; it argues that the sentence imposed by us was proper, and requests that the motion be denied. Since the material facts are not in dispute, we have determined that it is unnecessary for us to conduct a hearing before disposition of the matter. A review of the contentions of petitioner and of the government leads us to conclude that the challenged sentence was proper; accordingly, we will deny the petitioner's motion to vacate his sentence. We also find that the factual and legal matters averred do not warrant the appointment of counsel.

In *United States v. Corson,* 449 F.2d 544 (3d Cir. 1971), the Court of Appeals reviewed the issue of the imposition of sentence under a multiple-count indictment which charged violations of § 2113 and held that,

> the only practicable way of implementing *Prince* is to impose a general sentence on all counts for a term not exceeding the maximum permissible sentence on that count which carries the greatest maximum sentence.

*Id.,* at 551. Our sentence on Counts II–V clearly followed those guidelines. (See Judgment Order of April 28, 1975.)

With respect to the additional five year term of probation, it is clear that conspiracy is a separate offense and that "[c]onsecutive sentencing for conspiracy in a bank robbery case does not violate the *Prince* rule. *United States v. Welty,* 426 F.2d 615, 619 & n. 15 (3d Cir. 1970)." *Brad-*

by *v. United States,* (E.D.Pa. March 4, 1976) (C.A.No. 76–423).

In view of the uncontroverted facts in this case, and the authorities cited, we will dismiss petitioner's contentions for lack of merit. We will not, under these circumstances, "indulge in the idle gesture of appointing counsel to represent the movant." *Mauney v. United States,* 338 F.Supp. 1078, 1079 (E.D.Tenn.1971), aff'd, 454 F.2d 273 (6th Cir. 1972). *See also, Williams v. United States,* 307 F.Supp. 534, 539 (W.D.Pa. 1970), aff'd, 432 F.2d 439 (3d Cir. 1970), and *Cates v. Ciccone,* 422 F.2d 926, 928 (8th Cir. 1970).

The motions of the petitioner for the appointment of counsel and to vacate sentence are therefore denied, and an appropriate Order will be entered.[3]

---

**2.** Petitioner advances the additional argument that his acquittal on Count VI, charging a violation of 18 U.S.C. § 2113(d), precludes his conviction under Count V, charging violation of the same section. The simple answer to this contention is that the petitioner was not charged in Count VI—this count was directed at a co-defendant—and that petitioner's acquittal was on Count VII, charging a violation of 18 U.S.C. § 924(c)(2).

**3.** It should be noted that petitioner had a full and exhaustive review of all of his contentions with respect to the conduct of the trial and pretrial matters. *See United States v. Choice,* 392 F.Supp. 460 (E.D.Pa.1975), aff'd, 523 F.2d 1051 (3d Cir. 1975).