**UNITED STATES of America**

v.

**John W. GRIFFIN.**

**Crim. No. 73–471.**

United States District Court,
E. D. Pennsylvania.

Jan. 13, 1978.

tion and distribution of marijuana. *See United States v. Mallah, supra* at 987.

Richard J. Stout, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John W. Griffin, pro se.

## OPINION AND ORDER

FOGEL, District Judge.

On October 10, 1977, we denied defendant John W. Griffin's motion to vacate sentence, which was filed on March 29, 1977, pursuant to 28 U.S.C. § 2255. Thereafter, Griffin filed a notice of appeal to the Third Circuit Court of Appeals on December 21, 1977. We set forth in this opinion our reasons in support of our denial.

Griffin is currently serving a term of incarceration, which we imposed on July 23, 1975, after a jury had found Griffin (along with two co-defendants, John W. Clark and William Christian), guilty of four counts charging conspiracy, 18 U.S.C. § 371, and aiding and abetting violations of the federal bank robbery statute, 18 U.S.C. §§ 2, 2113.

On a prior occasion, we considered and denied Griffin's post-trial motions, *see,* *United States v. Clark,* 398 F.Supp. 341 (E.D.Pa.1976); his conviction has been upheld by the Third Circuit Court of Appeals, 532 F.2d 746 (3rd Cir. 1976). In his § 2255 motion, Griffin presented us with another issue, by claiming that the sentence which we imposed was an illegal one. The claimed illegality was based upon his assertion that we improperly imposed two consecutive twenty-year terms for a single violation of the bank robbery statute.

We carefully considered the allegations set forth in Griffin's § 2255 motion, as well as the material submitted by the Government in answer to that motion. We also reviewed the transcript of the sentencing proceeding, which was held on July 23, 1975, and the Judgment and Commitment Order which was filed the same date. Based upon our review of this record, we were thoroughly satisfied that the question of the legality of Griffin's sentence—the only question raised by the instant § 2255 motion—could be resolved without any need for further evidentiary hearings or proceedings.

We also concluded that Griffin's claim of illegality in his sentence, was groundless. Given the record at sentencing and the governing case law, the allegations of illegality could not be supported in this case. Accordingly, Griffin's § 2255 motion was dismissed.

## I. The Sentence Imposed

John Griffin was convicted on four counts of a ten count indictment; the jury found him, as well as his codefendants Clark and Christian, guilty as to Counts I, III, V, and IX. These four counts charged violations of federal conspiracy, aiding and abetting, and bank robbery statutes, as follows: *Count I,* conspiracy to violate 18 U.S.C. § 2113(a), in violation of 18 U.S.C. § 371; *Count III,* aiding and abetting codefendant Richard Dabney's unlawful taking of money from a federally insured bank, in violation of 18 U.S.C. §§ 2(a), 2113(a); *Count V,* aiding and abetting codefendant Richard Dabney's unlawful entry into the bank, in violation of 18 U.S.C. §§ 2(a), 2113(a); and

*Count IX*, aiding and abetting codefendant Dabney's taking of a hostage while committing the offense of bank robbery, in violation of 18 U.S.C. §§ 2(a), 2113(e).

At the sentencing hearing of July 23, 1975, we sentenced Griffin to serve five years imprisonment on Count I (the conspiracy count), concurrent with a general sentence of forty years imprisonment on Counts III, V, and IX. The record is abundantly clear that this sentence was in fact the one which we imposed. During the hearing, we stated the following:

> With respect to Criminal Indictment 73–471, in the matter of John W. Griffin, it is adjudged that on Count One the defendant is sentenced and is hereby committed to the custody of the Attorney General or his authorized representative for a term of five years to run concurrently with the sentence to be imposed with respect to Counts Three, Five and Nine of that indictment.
>
> It is further ordered that on the merged Counts Three, Five and Nine of that indictment the defendant, John W. Griffin, is sentenced to the custody of the Attorney General or his authorized representative and committed to that custody for imprisonment for a term of 40 years, said period to constitute a general sentence on the merged Counts Three, Five and Nine to run concurrently with the period of imprisonment imposed in Count One.

Transcript of Proceedings, July 23, 1975, at p. 26. It was this sentence which was set forth in the Judgment and Commitment Order of July 23, 1975, in almost identical language:

> The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) Years on Count 1 to run concurrently with the period of imprisonment imposed on merged Counts 3, 5, & 9, and it is
>
> Further Ordered that on merged Counts 3, 5 and 9 the defendant is committed to the custody of the Attorney General or his authorized representative for a period of Forty (40) Years, said period to constitute a general sentence on merged Counts 3, 5, & 9, to run concurrently with the period of imprisonment imposed on Count 1.

Judgment and Commitment Order of July 23, 1975 (docketed as Paper No. 225).

Given this record, there can be no dispute that we imposed a *general sentence* of forty years on Counts III, V, and IX (which we viewed as merged counts), and a concurrent five year sentence on Count I.

## II. The Claimed Illegality in the Sentence

Griffin presents us, in his § 2255 motion, with only one contention; namely, that the sentence was illegal, in that it provided for two consecutive twenty year terms of imprisonment.

The motion frames this issue as follows:

> At the time I was sentenced, I should have received a concurrent [sic], instead I was given a 40 year sentence, it was twenty years for bank robbery, twenty years for the taking of a hostage, to follow the first twenty years, and five years running with one of the twenty.
>
> The twenty year sentence should have both been given to run concurrent, since it was but one offence, not two.

Motion under 28 U.S.C. § 2255, filed March 29, 1977, at p. 4. Thus, Griffin contends that our general forty year sentence as to Counts III, V, and IX—the counts involving different subsections of the federal bank robbery statute, 18 U.S.C. § 2113—was actually two consecutive twenty year sentences, each imposed pursuant to different subsections of § 2113.

■ If we *had* in fact imposed separate consecutive sentences as to Counts III, V, and IX, then Griffin would have a solid basis upon which to ask that we vacate such a sentence. Under well-established precedent, we may not "pyramid" sentences, so as to sentence a defendant separately as to each of multiple counts of violating the various subsections of the federal bank robbery statute. *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957).

However, the record in this case—which we have set forth explicitly, *supra*—clearly establishes that Griffin was not sentenced to two separate twenty year terms for the § 2113 violations. Instead, he received a general forty year sentence on the merged counts.

The Third Circuit Court of Appeals has explicitly approved the use of a general sentence in such situations, stating that the only practicable way of avoiding the *Prince* problem "is to impose a general sentence on all counts for a term not exceeding the maximum permissible sentence on that count which carries the greatest maximum sentence." *United States v. Corson*, 449 F.2d 544, 551 (3d Cir. 1971). The sentence which we imposed upon Griffin was completely in accord with the *Corson* principle. Griffin faced a maximum sentence of "not less than ten years or punished by death if the verdict of the jury shall so direct," under Count IX, for violation of 18 U.S.C. §§ 2(a), 2113(e); therefore, the imposition of a general forty year sentence on all of the bank robbery counts (Counts III, V, and IX), was legal. *See, United States v. Atkins*, 558 F.2d 133 (3d Cir. 1977).

The Third Circuit decisions in the *Corson* and *Atkins* cases clearly sanction the imposition of a general sentence on multiple counts charging violations of 21 U.S.C. §§ 2113(a), 2113(e). *See also, Sullivan v. United States*, 485 F.2d 1352 (5th Cir. 1973). Accordingly, we must reject any claim by Griffin that the general forty year sentence which we actually imposed on Counts III, V, and IX, was in any way illegal.

Nor does Griffin's allegation that we imposed two distinct twenty year terms—rather than a general forty year sentence—compel a different result. First, as we have already noted, such an allegation is completely unsupported by the factual record in this case, which shows beyond any conceivable question that it was in fact a general forty year sentence which was imposed on the substantive bank robbery counts. Secondly, we reject any argument by Griffin that, although the sentence may have been formally imposed as a general sentence, it was in essence or in actuality a series of shorter sentences. *See, Choice v. United States*, 415 F.Supp. 369 (E.D.Pa. 1976) (denying § 2255 petitioner's challenge to legality of general sentence imposed pursuant to 18 U.S.C. § 2113).

Finally, although Griffin does not appear to challenge the concurrent five year term of imprisonment which we imposed on the conspiracy count (Count I), we note that the imposition of such a sentence, under the circumstances present here, is completely legal. *Choice v. United States, supra*, 415 F.Supp. at 370, and cases cited therein.

For all of the foregoing reasons, we hold that the sentence imposed upon Griffin was an entirely legal one. Because the motion, and the files and records in the case, conclusively showed that the petitioner was entitled to no relief, no evidentiary hearing was necessary. 28 U.S.C. § 2255. *Kaufman v. United States*, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). *Accord, Brown v. United States*, 556 F.2d 224 (3d Cir. 1977). For these reasons the motion was dismissed.