**John B. ANDERSON, Jane Evans and Gerald M. Eisenstat, Plaintiffs,**

v.

**Shirley HOOPER, Secretary of State of the State of New Mexico, Defendant.**

**Civ. No. 80–432–M.**

United States District Court, D. New Mexico.

Aug. 12, 1980.

See also D.C., 498 F.Supp. 898; 10 Cir., 632 F.2d 116.

William S. Dixon, Rodey, Rickason, Sloan, Akin & Robb, Albuquerque, N. M., Joseph Goldberg, Albuquerque, N. M., Mitchell Rogovin, George T. Framton, Jr., Ellen Semonoff, Rogovin, Stern & Huge, Washington, D. C., for plaintiffs.

Toulouse, Toulouse & Garcia, P. A., Albuquerque, N. M., and Templeman & Crutchfield, Lovington, N. M., for applicants-in-intervention.

Jeff Bingaman, Atty. Gen., Jill Cooper, Asst. Atty. Gen., Santa Fe, N. M., for defendant.

## MEMORANDUM OPINION AND ORDER

MECHEM, District Judge.

This matter comes up for consideration on cross motions for summary judgment filed by the plaintiffs and the defendant in this matter. The plaintiffs have also requested this court to make the preliminary injunction previously entered in this case a permanent injunction. Having considered the motions as well as the briefs filed by counsel and the supplemental joint stipulation of fact filed by the parties, I find that plaintiffs' motion for summary judgment is well taken in part.

The preliminary injunction previously granted in this matter enjoined the defendant from refusing to accept plaintiff Anderson's declaration of candidacy and nominating petitions during the pendency of the litigation. When granting the preliminary injunction I stated that the importance of the rights and interests asserted by plaintiffs in this action mandated that the State show a compelling interest furthered by its deadline requirements in order for the statute in question to be constitutional under the First and Fourteenth Amendments of the United States Constitution. The defendant in this case has failed to sustain this burden of showing such a compelling interest. Partial summary judgment in favor of the plaintiffs as to Counts I and II is, therefore, appropriate in this case. Summary judgment in favor of the plaintiffs is entered only on the allegations

that the statute impermissively burdens fundamental rights and denies plaintiff Anderson the equal protection of the laws of the United States. The determination that this statute denies plaintiff Anderson the equal protection guaranteed by the Fourteenth Amendment is based on a finding that the statute invidiously discriminates against independent presidential candidates as distinguished from partisan candidates. I decline to address plaintiffs' allegation that the deadline also creates an invidious classification between serious independent candidates deciding to run before March 4, 1980 and those deciding to run after March 4, 1980.

Plaintiffs have failed to show that the early deadline statute violates the Supremacy Clause of the United States Constitution. Summary judgment in favor of defendant is, therefore, appropriate as to Count III of the Complaint.

Defendant's motion for summary judgment also included a request that this court set a deadline for independent candidates seeking access to the 1980 General Election Ballot. This request was made because the New Mexico Legislature will not meet again until 1981 and the defendant is in need of an interim deadline which she can use to control the timing for filing nominating papers by independent candidates in the 1980 general election. Defendant has requested the date of August 15, 1980 as the filing deadline for independents in the 1980 general election. While I feel that the reasons for requesting August 15 put forth by the defendant are appropriate I feel compelled to give adequate notice to potential independent candidates so that they may have sufficient time to file their declaration of independent candidacy and gather the signatures for their nominating petitions. I shall, therefore, set August 20, 1980 as the deadline for potential independent candidates to submit the appropriate papers to the Secretary of State of New Mexico to achieve ballot position for the 1980 General Election.

Plaintiffs also requested that this Court enter a permanent injunction in this case. Because of my determination on the summary judgment motions I find that a permanent injunction should be entered.

Plaintiffs have also requested that I grant them their costs and reasonable attorneys' fees which were incurred in bringing this action. I shall postpone a decision on this request until such time as the defendant Shirley Hooper has a reasonable amount of time to respond to the plaintiffs' request. Now, Therefore,

IT IS ORDERED that plaintiffs' motion for summary judgment shall be granted as to Counts I and II of their complaint filed in this action on June 10, 1980 and shall be denied as to Count III of that complaint.

IT IS FURTHER ORDERED that defendant's motion for summary judgment shall be denied as to Counts I and II of the complaint filed in this action and shall be granted as to Count III of the complaint.

IT IS FURTHER ORDERED that the date of August 20, 1980 shall serve as the final filing date for the appropriate papers for all those wishing to appear as independent candidates on the ballot for the 1980 General Election.

IT IS FURTHER ORDERED that the preliminary injunction entered in this matter on July 8, 1980 shall be made permanent.

IT IS FURTHER ORDERED that a decision on plaintiffs' request for attorneys' fees and costs to be awarded against defendants shall be deferred until such time as defendants have had an adequate opportunity to respond to that request.