632 F.2d 116
 John B. ANDERSON, Jane Evans, and Gerald M. Eisenstat, Plaintiffs,
and
Dorothy F. Runnels, Richard Buffington, Rudy Gutierrez,
Merle Garcia, Individually, and on behalf of all
others similarly situated,
Plaintiffs-In-Intervention-Appellants,
v.
Shirley HOOPER, Secretary of State of the State of New
Mexico, Defendant- Appellee.
Dorothy F. RUNNELS, Richard Buffington, James Michael, and
Susan Crutchfield, Individually, and on behalf of
all others similarly situated,
Plaintiffs- Appellants,
v.
Shirley HOOPER, Secretary of State of the State of New
Mexico, Defendant- Appellee.
 Nos. 80-2014, 80-2015.
 United States Court of Appeals,
Tenth Circuit.
 Argued Oct. 6, 1980.
Decided Oct. 8, 1980.
 
 Jill Z. Cooper, Deputy Atty. Gen., Santa Fe, N.M. (Jeff Bingaman, Atty. Gen., Santa Fe, N.M., with her on brief), for defendant-appellee.
 James R. Toulouse of Toulouse, Toulouse & Garcia, P.A., Albuquerque, N.M., and C. Barry Crutchfield, of Templeman & Crutchfield, Lovington, N.M., for plaintiffs-in-intervention-appellants and plaintiffs-appellants.
 Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 These two appeals have been consolidated in this Court for briefing and oral argument, and both will be disposed of in this opinion. These appeals are related to Skeen v. Hooper, 631 F.2d 707 (10th Cir.), and our opinion in that case has been filed simultaneously with the filing of this opinion. The general background facts set forth in Skeen will not be repeated here.
 
 
 2
 Dorothy Runnels, the widow of Congressman Harold Runnels, determined to run for Congress for New Mexico's Second Congressional District as an Independent Candidate. On the morning of September 3, 1980, in her home county, Lea County, New Mexico, Mrs. Runnels changed her party affiliation from Democrat to Independent. At about 2:00 p. m. on that same date, Mrs. Runnels presented to Shirley Hooper, New Mexico's Secretary of State, her declaration of candidacy and nominating petitions. The Secretary of State rejected Mrs. Runnels' declaration and petitions. The ground for the Secretary's refusal was that such declaration and petitions were untimely tendered.[1]
 
 
 3
 In response to the rejection by the Secretary of State of her declaration and petitions, Mrs. Runnels instituted two legal proceedings in the United States District Court for the District of New Mexico. First, on September 4, 1980, she filed a motion to intervene in No. 80-432-M, Anderson v. Hooper. That motion was denied, and Case No. 80-2014, Anderson v. Hooper, represents an appeal from the order denying intervention.
 
 
 4
 Mrs. Runnels also instituted on September 10, 1980, an independent action against the Secretary of State, Shirley Hooper. She sought declaratory judgment and an injunctive order commanding the Secretary of State to certify her as an Independent Candidate for Congress from the Second District. More specifically, Mrs. Runnels claimed that the provisions of N.M.Stat.Ann. § 1-8-48 (1978) could not be constitutionally applied to her, and that the time requirements of N.M.Stat.Ann. § 1-8-52 (1978), which had been extended by Judge Mechem in Anderson v. Hooper to August 20, 1980, should in her case be extended through September 5, 1980.
 
 
 5
 By answer, the Secretary of State alleged that Mrs. Runnels' tendered declaration did not, and could not, comply with the provisions of N.M.Stat.Ann. § 1-8-48 (1978), and that the declaration and petitions did not meet the time requirements of N.M.Stat.Ann. § 1-8-52 (1978), as modified by Judge Mechem's order in the Anderson v. Hooper case.
 
 
 6
 Upon trial of this matter, the Honorable Santiago E. Campos, a United States District Judge for the District of New Mexico, ruled in favor of the Secretary of State, and dismissed the action. Mrs. Runnels appeals the dismissal order, and that particular appeal is No. 80-2015.
 
 
 7
 In dismissing Mrs. Runnels' claim for declaratory judgment and injunctive relief, the trial court advised counsel that he had conferred with Judge Mechem about his (Mechem's) decision in the Anderson v. Hooper case, and that Judge Mechem had advised him that the ruling in Anderson v. Hooper extending the time to file as an Independent Candidate applied only to the office of Presidency, and did not apply to the office of United States Congressman. With this assurance from Judge Mechem, Judge Campos ruled that Mrs. Runnels' claim that she was lawfully entitled to be certified as an Independent Candidate for Congress by the Secretary of State was "flawed" in two respects: (1) her declaration and petitions were not timely filed with the Secretary of State as required by N.M.Stat.Ann. § 1-8-52 (1978) and (2) Mrs. Runnels could not meet the requirement of N.M.Stat.Ann. § 1-8-48 (1978), regarding disaffiliation with a political party.
 
 
 8
 N.M.Stat.Ann. § 1-8-48 (1978) provides that nomination as an Independent Candidate shall be made by filing a Declaration of Independent Candidacy and a nominating petition with the proper filing officer, and that, in making a declaration of independent candidacy, the candidate for an office other than that of President or Vice President shall submit a sworn statement in the following form:
 
 DECLARATION OF INDEPENDENT CANDIDACY
 
 9
 I, __________ (candidate's name on affidavit of registration) being first duly sworn, say that I am a voter of precinct no. ____ of the county of ______, state of New Mexico;
 
 
 10
 I have declined to designate my party affiliation as shown by my affidavit of registration and I have not changed such declination subsequent to January 1 of the year of the general election at which I seek to be a candidate; ...
 
 
 11
 As indicated, then, the form set out in the statute required Mrs. Runnels to swear that she had declined to designate her party affiliation and that she had "not changed such declination" subsequent to January 1, 1980. In her declaration Mrs. Runnels altered the printed form and affirmatively stated that she had changed her party affiliation after January 1, 1980. The fact of the matter of course is, as above indicated, that Mrs. Runnels changed her party affiliation on September 3, 1980.
 
 
 12
 Under the admitted facts, we are of the firm view that the disaffiliation provision of N.M.Stat.Ann. § 1-8-48 (1978) bars Mrs. Runnels from being certified by the Secretary of State as an Independent Candidate for Congress from the Second District, and we reject the suggestion that N.M.Stat.Ann. § 1-8-48 (1978) is unconstitutional. In thus holding, we rely on Storer v. Brown, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974).
 
 
 13
 In Storer, the Supreme Court upheld a California statute which forbids a ballot position on the general election ballot to an Independent Candidate for elective public office if he had a registered affiliation with a qualified political party within one year prior to the immediately preceding primary election. The California statute, in Storer, was upheld, and enforced, against two would-be Independent Candidates for United States Congressman who had changed their party affiliation from Democrat to Independent in January and March of the year involved. N.M.Stat.Ann. § 1-8-48 (1978) is quite similar to the statute under consideration in Storer, and is indeed a bit less restrictive. The New Mexico statute requires that there be no party affiliation for a period of slightly less than one year prior to the general election, whereas the California statute requires no party affiliation for something more than one year prior to the general election.
 
 
 14
 Mrs. Runnels would escape the rule of Storer by contrasting the provisions of N.M.Stat.Ann. § 1-8-48 (1978) with the provisions of N.M.Stat.Ann. § 1-8-18 (Supp. 1979). The former, as indicated, requires, in effect, that a would-be Independent Candidate for office at the general election have no party affiliation after January 1 of the year in question, with such status continuing throughout the year.[2] N.M.Stat.Ann. § 1-8-18(A)(1) (Supp. 1979) requires a person desiring to become a candidate for nomination by a political party to demonstrate his affiliation with such party on the date of the governor's proclamation for the primary election, which proclamation is, under N.M.Stat.Ann. § 1-8-12 (1978), to be issued on the first Monday in February of each even-numbered year.[3] This difference is not such as would render N.M.Stat.Ann. § 1-8-48 (1978) unconstitutional. The "difference" relied on is a relatively slight one. Any decision as to which election laws are valid and which are invidious under the Equal Protection Clause is very much a "matter of degree." Storer v. Brown, 415 U.S. 724, 730, 94 S.Ct. 1274, 1279, 39 L.Ed.2d 714 (1974) (quoting from Dunn v. Blumstein, 405 U.S. 330, 348, 92 S.Ct. 995, 1006, 31 L.Ed.2d 274 (1972)). The difference in the time requirements of N.M.Stat.Ann. § 1-8-48 (1978) and § 1-8-18 (Supp. 1979) is minor, and is not in our view "invidious" in its nature or practical effect.
 
 
 15
 If we understand it correctly, the "difference" which counsel perceives in the New Mexico statutes was in reality also present in the California statutes under consideration in Storer. As mentioned, the California statute forbids ballot position to an Independent Candidate for elective public office if he had a registered affiliation with a qualified political party within one year prior to the immediately preceding primary election. Nomination papers for a would-be Independent Candidate are required to be filed with the Secretary of State not more than seventy nine days nor less than fifty four days before the date of the election. As concerns candidates for party nomination, the California statutes provide that a declaration of candidacy should be made not less than eighty three nor more than 113 days prior to the direct primary, which in California is held on the first Tuesday after the first Monday in June. And the California statutes also provide that no declaration of candidacy shall be filed unless the candidate is shown by his affidavit of registration to have been affiliated with the political party, the nomination of which he seeks, for not less than three months immediately preceding the time he presents his declaration, or for so long as he has been eligible to register to vote. The same California statute also provides that the candidate must show that he has not been registered with a political party, other than the political party the nomination of which he seeks, within twelve months immediately prior to the filing of the declaration. It is at once apparent from Storer that the applicable time periods prescribed for an Independent Candidate are no where near the same as the time periods prescribed for one who goes the party route.
 
 
 16
 In sum, we feel that Storer v. Brown disposes of the argument that N.M.Stat.Ann. § 1-8-48 (1978) is unconstitutional. That statute effectively bars Mrs. Runnels from obtaining the relief which she sought, and she is, under the circumstances, limited to campaigning as a write-in candidate, and not as an Independent Candidate with her name on the ballot.
 
 
 17
 In disposing of this controversy on the basis of N.M.Stat.Ann. § 1-8-48 (1978), we need not here consider the alternative ground relied on by the trial court, namely the failure by Mrs. Runnels to file her declaration and nominating petitions within the time prescribed by N.M.Stat.Ann. § 1-8-52 (1978). Also, the appeal taken from the order denying intervention is moot. The relief sought in the complaint in intervention is essentially the same as sought by Mrs. Runnels in her suit against the Secretary of State.
 
 
 18
 In No. 80-2015, the judgment is affirmed. In No. 80-2014, the appeal is dismissed as moot.
 
 
 
 [1]
 Judge Edwin L. Mechem, a United States District Judge for the District of New Mexico, ruled on August 12, 1980, Anderson v. Hooper, 498 F.Supp. 905, that, notwithstanding the provisions of N.M.Stat.Ann. § 1-8-52 (1978), John B. Anderson had until August 20, 1980, to file as an Independent Candidate for President
 
 
 [2]
 Declarations of independent candidacy and nominating petitions shall be filed with the proper filing officer on the first Tuesday of March each even-numbered year. N.M.Stat.Ann. § 1-8-52(B) (1978)
 
 
 [3]
 Statements of candidacy for convention designation for the office of United States Representative shall also be filed on the first Tuesday of March of each even-numbered year. N.M.Stat.Ann. § 1-8-26 (1978)