**LIBERTARIAN PARTY; David Bergland, Libertarian Party Candidate for President of the United States; Jim Lewis Libertarian Party Candidate for Vice-President of the United States; Thomas Vetter, Libertarian Party Candidate for the United States Representative from the Seventh Congressional District; and David Gailey and Mitch Wayne, Libertarian Party Electors, Plaintiffs,**

v.

**Drexell R. DAVIS, in his official capacity as Secretary of State and Chair of the State Board of Elections; and Raymond Bossmeyer, Jane G. Bruce, Marian H. Farris, Charles E. Rodgers, Janie G. Catron and Andrew Gus Parsley in their official capacity as members of the State Board of Elections, Defendants.**

Civ. No. 84–70.

United States District Court,
E.D. Kentucky,
Frankfort Division.

Jan. 9, 1985.

David A. Friedman, Louisville, Ky., for plaintiffs.

William L. Davis, Asst. Atty. Gen., and Ann Z. Stewart, General Counsel, Frankfort, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

BERTELSMAN, District Judge:

On August 28, 1984, representatives of the Libertarian Party presented a petition containing two thousand, four hundred fifty (2,450) signatures of Kentucky registered voters to the Secretary of State. This petition had been drawn up for the purpose of having the names of candidates of the Libertarian Party for President and Vice President of the United States placed upon the ballot for the Kentucky General Election to be held November 6, 1984. Plaintiffs were informed that the Secretary of State could not accept the petition because it did not contain the 5,000 signatures required by KY.REV.STAT. 118.315. A letter to this effect was given to representatives of the Libertarian Party at their request on August 28, 1984, at 4:50 p.m. [See Plaintiff's Exhibit A—Letter from Assistant Secretary of State.]

Thereafter, on September 12, 1984, Plaintiffs tendered a supplemental nominating petition containing two thousand nine hundred and nine (2,909) signatures, for David Bergland as candidate for President of the United States, and for Jim Lewis as candidate for Vice President of the United States. On September 12, 1984, Plaintiffs

also tendered a petition containing four hundred thirty-nine (439) signatures for Thomas Vetter as candidate for United States Representative from the Seventh Congressional District. Plaintiffs were informed that the Secretary of State could not accept these petitions, due to their being filed fifteen (15) days after the filing deadline set out at KY.REV.STAT. 118.365. Letters to this effect were given to representatives of the Libertarian Party at their request on September 12, 1984, at 11:35 a.m. [See Plaintiffs' Exhibits B and C—Letters from Assistant Secretary of State.]

However, the Libertarian Party did file on August 28, 1984, with the Secretary of State, a petition containing the required number of signatures, over four hundred (400), nominating Tony Suruda as the Libertarian candidate for the United States House of Representatives for the Sixth Congressional District. He was on the ballot on November 6, 1984, as a candidate for that office.

Thereafter, on October 15, 1984, fifty-five (55) days after August 21, 1984, the date Plaintiffs admitted actual knowledge of the new filing date (see Plaintiffs' complaint, paragraph 21), and ninety-four (94) days after the amended KY.REV.STAT. 118.365 became effective, Plaintiffs filed a complaint in the United States District Court, the Eastern District of Kentucky at Frankfort. This action was brought pursuant to 42 U.S.C. § 1983, alleging violations of Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, as well as alleging that KY.REV.STAT. 118.-365 is unconstitutional. This complaint named as Defendants Drexell R. Davis [hereinafter Secretary of State] in his official capacity as Secretary of State and Chairman of the State Board of Elections, as well as the six individual members of the State Board of Elections. The complaint was accompanied by a motion for preliminary injunction and was not served upon the Secretary of State until three days later, October 18, 1984.

One day after filing of the suit, October 16, 1984, Plaintiffs' attorneys telephoned the General Counsel for the Secretary of State to discuss a possible hearing date for Plaintiffs' motion. Counsel for the Secretary of State expressed her willingness to appear at a hearing the next day, October 17, 1984, providing that the Secretary of State was properly served prior to the time of hearing. However, the Court ordered both parties to present memorandums upon the issues of the case, and set a hearing date of October 25, 1984, at 10:00 a.m.

The Court ordered Plaintiffs to serve their memorandum upon Defendants by October 18, 1984, but such memorandum was not served until October 21, 1984, four (4) days before the scheduled hearing. [See Defendants' Exhibit—Affidavit of Ann Z. Stewart]. On October 22, 1984, Defendants served their reply memorandum upon Plaintiffs and upon the Court.

On October 25, 1984, a hearing was held on the Plaintiffs' Motion for Preliminary Injunction. Following the hearing, an order was entered denying this motion, dated October 25, 1984.

Thereafter, the Defendants filed their Answer to the Plaintiffs' complaint and a Motion for Judgment on the Pleadings on October 26, 1984.

■ In reviewing the relevant cases on ballot access, it is clear that KY.REV. STAT. 118.365 is constitutional and does not violate the Plaintiffs' rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. *Lubin v. Panish*, 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974); *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974); *American Party of Texas v. White*, 415 U.S. 767, 94 S.Ct. 1296, 39 L.Ed.2d 744 (1974); *Libertarian Party of Texas v. Fainter*, 741 F.2d 728 (5th Cir.1984); *Dart v. Brown*, 717 F.2d 1491 (5th Cir.1983); *Anderson v. Hooper*, 498 F.Supp. 898 (D.N.M.1980); *Anderson v. Hooper*, 498 F.Supp. 905 (D.N.M.1980); *Libertarian Party of Alabama v. Wallace*, 586 F.Supp. 399 (M.D.Ala.1984); *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 74 L.Ed.2d 547 (1983); *Maddox v. Wrightson*, 421 F.Supp. 1249 (D.Del.1976); *Libertari-*

*an Party of Florida v. State of Florida,* 710 F.2d 790 (11th Cir.1983).

However, even if it were assumed, contrary to the Court's finding, that Plaintiffs' rights were violated, the extraordinary relief requested would be barred by laches. Laches, a reflection of the maxim "equity aids the vigilant," arises when there has been an unwarranted delay which would work a hardship or disadvantage to another. Thus, those courts which have considered comparable claims have in effect balanced the interests of the parties and required that any claims against the state procedure be pressed expeditiously. As time passes, the state's interest in proceeding with the election increases in importance as resources are committed and irrevocable decisions are made, and the candidate's and party's claims to be a serious candidate and a serious party who have received a serious injury become less credible by their having slept on their rights. *Williams v. Rhodes,* 393 U.S. 23, 34–35, 89 S.Ct. 5, 12–13, 21 L.Ed.2d 24 (1968); *Kay v. Austin,* 621 F.2d 809, 813 (6th Cir.1980); *Maddox v. Wrightson,* supra at 1251–1253.

In the case at bar, Plaintiffs waited forty-eight (48) days after the Secretary of State had refused to allow them to file their petition containing only two thousand, four hundred fifty (2450) signatures, and they waited ninety-four (94) days after the revised KY.REV.STAT. 118.365 became law before filing suit. Further, plaintiffs had constructive knowledge of the amendment to KY.REV.STAT. 118.365 through *Baldwin's Official Edition of the Kentucky Revised Statutes and Rules Service, 1984 Acts Issue,* which was published on May 15, 1984, and was available to Kentucky subscribers at least by July 5, 1984. [See affidavit of Baldwin's Publishers, Defendants' Exhibit 3]. *Mauney v. United States,* 338 F.Supp. 1078 (E.D.Tenn.1971), *affirmed* 454 F.2d 273 (6th Cir.1972); *Freeman v. Louisville & Jefferson County P & Z Com'n,* 308 Ky. 360, 214 S.W.2d 582 (1948).

Moreover, Clint Newman, Assistant Secretary of State of Kentucky, testified that as of October 25, 1984, voting machines had been set in virtually all of Kentucky's counties. He further stated that due to the large field of candidates and an extremely crowded "ballot face," the inclusion of additional Presidential and Vice Presidential candidates would require that the entire "ballot face" be redesigned and reprinted for Kentucky's counties. Also, the cost of reprinting ballots and resetting voting machines would be significant to counties and government. On the basis of these facts before it, it is the conclusion of this Court that the failure of the Plaintiffs to press their case when they should have known that an injury had occurred is fatal to their receiving any relief.

Judgment Accordingly.